IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 1:05-cr-17-MP-GRJ

GREGORY J. HALL

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 483, Defendant's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's jury trial conviction for one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, and one count of distribution of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 841(b)(1)(C). Defendant was sentenced to life imprisonment on the conspiracy charge and to a concurrent sentence of 360 months on the distribution charge. The Government has filed a Response, and Defendant has filed a reply. (Docs. 488, 490.) Upon due consideration of Defendant's motion to vacate, the Government's response, and Defendant's reply, the undersigned recommends that the motion to vacate be denied.[1]

## Background

Defendant and his four co-defendants were cocaine and crack dealers in Alachua, Florida. They operated a drug marketplace in a small neighborhood, where

---

[1]The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

each dealer's station was known as a "Tree." At trial, twenty-five witnesses testified that they had purchased drugs from Defendant. The Florida Department of Law Enforcement began investigating the Trees in 2001 by executing controlled buys of cocaine and crack. On appeal, the circuit court found the "nature of the common enterprise [] best demonstrated by" the testimony of an informant who stated that he had attempted to buy drugs from one dealer who had insufficient supply to fulfill the request. That dealer asked Defendant for the drugs, who in turn asked for drugs from another dealer. *United States v. Brown*, 587 F.3d 1082, 1086 (11th Cir. 2009). Eventually the FDLE executed a search warrant of the house of the mother of Defendant's co-conspirator and Defendant and his co-defendants were arrested. Co-defendant Corey Brown moved to sever his own trial from that of the other defendants, but the motion was denied.

Defendant was found guilty of one count of conspiracy to distribute and possess with intent to distribute cocaine base, and one count of distribution of cocaine base. Defendant was found not guilty of a second count of distribution of cocaine base on a different date. Co-defendant Brown was found guilty of all charges at trial, while the other three co-defendants pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. Defendant was sentenced to life imprisonment on the conspiracy charge – the statutory minimum – and to 360 months imprisonment on the distribution charge, which was the bottom of the guidelines range. Petitioner unsuccessfully appealed his conviction and sentence. *Brown*, 587 F.3d at 1093.

Defendant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on August 2, 2010. Defendant contends that (1) his trial

counsel was ineffective for failing to present any defense; (2) his trial counsel refused to file an appeal and the substitute counsel failed to present an appeal; (3) the Court failed to make a drug quantity finding prior to sentencing; and (4) the Sentencing Guidelines were inappropriately treated as mandatory.  (Doc. 483.)

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Because Defendant asserts claims of ineffective assistance of counsel, a review of *Strickland* is appropriate.  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686

(1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

## Discussion

## (1) Failure to Present a Defense

Defendant argues that his trial counsel rendered constitutionally ineffective assistance through a series of errors "which left him with no defense at all." (Doc. 483,

at 8.)  Defendant first asserts that his trial counsel was ineffective for failing to request

that the trial court sever his trial from the trial of his co-defendant, Corey Brown.

Defendant argues that his trial was tainted by evidence of the bad acts of his co-

defendant, and that his counsel "should have insisted that the trial judge carefully

instruct the jury to consider evidence of guilt separately as to each defendant."  *Id.*

Defendant claims because his trial counsel did not insist on such an instruction, the jury

mistakenly attributed acts of his co-defendant to him.

      Defendant's counsel did not request that his trial be severed from the trial of his

co-defendants.  Defendant Corey Brown did file such a motion, however, arguing that

his trial alongside that of his co-defendant Hall might present a Confrontation Clause

problem under *Bruton v. United States*, 391 U.S. 123 (1968).  The trial court denied the

motion on the grounds that "a *Bruton* issue is not present at this time."  (Doc. 154, at 1.)

Defendant Brown appealed the decision not to sever his trial, but the Eleventh Circuit

declined to address the issue because he presented a different argument to the circuit

court than he had presented to the district court.

      Defendant has not shown that his trial counsel's failure to request a severance

was deficient performance.  Co-defendant Brown had moved for a severance, and it

was reasonable for Defendant's trial counsel to strategically wait for the result of that

motion, which, if successful, would have allowed Defendant to have his own trial.  Even

assuming that trial counsel's performance was deficient, however, Defendant has failed

to show that he was prejudiced by the fact that he and co-defendant Brown were tried

together.  Contrary to Defendant's assertion that the jury was not instructed to consider

evidence against him and evidence against Brown separately, the trial court very clearly

instructed the jury:

> A separate crime or offense is charged against one or both of the
> Defendants in each count of the indictment. Each charge, and the
> evidence pertaining to it, should be considered separately. Also, the case
> of each Defendant should be considered separately and individually. The
> fact that you may find one of the Defendants guilty or not guilty of any of
> the offenses charged should not affect your verdict as to any other
> offense or any other Defendant.

(Doc. 488-3, at 4.)

Defendant's assumption that the jury improperly attributed Brown's bad acts to him is

belied by the fact that the jury actually acquitted him of one count of distribution of crack

cocaine. (Doc. 488-4, at 4.) A review of the record in this case reveals no evidence

that the jury's finding that Defendant was guilty of two of the three counts was due to

any improper evidence related to Brown. Rather, as the Eleventh Circuit noted, "the

Government presented *overwhelming evidence* that Hall conspired with others to create

a marketplace to assist each other in supplying drugs for their customers for a

protracted period of time." *Brown*, 587 F.3d at 1092 (emphasis added). The

Government also presented evidence that Defendant himself had distributed drugs.

Accordingly, Defendant can show no prejudice resulting from his counsel's failure to

request that his trial be severed from Brown's trial.

Defendant next argues that his counsel failed "to subject the prosecution to

meaningful adversarial challenges." *Id.* at 9. He asserts that his trial counsel failed to

conduct any pre-trial discovery, failed to advise Defendant of the benefit of pleading

guilty, failed to allow Defendant to subpoena witnesses, failed to impeach government

witnesses, failed to present mitigating evidence at sentencing, failed to request a

downward departure at sentencing, and failed to adequately advise Defendant of his

right to appeal. Defendant has presented no specific factual support for these claims, which are both conclusory and unsupported by the record. There is no evidence that Defendant's trial counsel failed to conduct discovery, failed to advise him of the opportunity to plead guilty, failed to allow him to subpoena witnesses, and failed to impeach government witnesses. In the absence of any supporting facts whatsoever with respect to these claims, Defendant cannot meet his burden of showing that his counsel's performance was deficient.

With respect to Defendant's allegation that his counsel failed to present mitigating evidence at sentencing and failed to request a downward departure, Defendant does not address the fact that his sentence of life imprisonment on Count One – the conspiracy charge – was mandated by statute. The Government properly filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A), noting that Defendant had two prior felony convictions for the sale of cocaine. (Doc. 55.) The Notice further stated that where an individual is convicted under 21 U.S.C. § 841(b)(1)(A)(ii) and (iii) and has two prior felony drug convictions, the minimum mandatory sentence is life imprisonment.

Accordingly, the fact that Defendant's counsel's did not present mitigating evidence and did not request a downward departure was not deficient performance, because the trial court had no discretion to depart from the minimum mandatory sentence. Indeed, at sentencing, Defendant's counsel stated that he and Defendant "have discussed the fact that there's a statutory mandatory penalty here, frankly, although his family I here and probably would like to say things to the Court, there is little to be said because you don't have any discretion in this matter." (Doc. 471, at 4.)

The trial court responded "All right," and inquired if the Government had anything to offer, before imposing the sentence of life imprisonment on Count One and 360 months imprisonment on Count Two. *Id.* Under these circumstances, even if Defendant's counsel had presented mitigating evidence and requested a downward departue, Defendant cannot show prejudice because he would have been sentenced to life imprisonment regardless of his counsel's actions or inactions.

Accordingly, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

## (2) Failure to Present an Appeal

Defendant alleges that his trial counsel failed to file an appeal on his behalf, and that as a result, he was appointed substitute counsel. This substitute counsel was unfamiliar with the details of his case and "failed to appeal any worthwhile issues." (Doc. 483, at 11.) Defendant also complains that appellate counsel failed to raise the issue of his trial counsel's ineffectiveness.

A review of the Eleventh Circuit's opinion in this case reveals that Defendant's appellate counsel raised a number of issues to the circuit court, arguing that there was a variance in the conspiracy alleged in the indictment and the evidence presented at trial, and that the district court erred in admitting a copy of the audiotape of a controlled buy between a confidential informant and Defendant. Defendant offers only the conclusory allegation that his appellate counsel was unfamiliar with his case, and presents no factual support for this allegation whatsoever. The Eleventh Circuit addressed Defendant and co-defendant Brown's appeal in a twenty-page, thoroughly analyzed published opinion. Thus, there is simply no support for Defendant's assertion

that he had "no appeal." (Doc. 483.)

With respect to Defendant's contention that his appellate counsel failed to raise the issue of his trial counsel's ineffectiveness, the Eleventh Circuit has stated that "[i]neffective assistance of counsel claims are generally not considered for the first time on appeal, except in cases where the record is sufficiently developed." *United States v. Scott*, 280 F. App'x 926, 930 (11th Cir. 2008) (citing *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005)). "The preferable means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion." *Id.*

In this case, there is no indication that the record was sufficiently developed on appeal for Defendant's appellate counsel to have successfully raised a claim that the trial counsel was constitutionally ineffective. Defendant has failed to show that his appellate counsel's performance was deficient. Even if his counsel's performance was deficient, however, Defendant has had a full opportunity to present his arguments concerning his trial counsel's alleged ineffectiveness in the instant motion, and accordingly can show no prejudice.

On this record, the undersigned concludes that Defendant has established neither the deficient performance nor prejudice prongs of *Strickland* with regard to this claim.

### (3) Failure to Make a Drug Quantity Finding Prior to Sentencing

Defendant claims that the trial court never made a finding of the drug quantity that was attributable to him in the conspiracy, and appears to assert that the Court inappropriately estimated the quantity of drugs attributable to him by attributing the entire amount of the conspiracy to him alone. This claim is without merit. The verdict

form prepared by the trial court included special interrogatories to permit the jury to make explicit factual findings as to the drug quantities attributable to each defendant. (Doc. 488-4.)  With respect to the conspiracy charge, the jury found that Defendant had conspired to manufacture, distribute, and possess with intent to manufacture and distribute "5 kilograms or more" of cocaine, and "50 grams or more" of crack cocaine. *Id.* at 3.  With respect to the distribution charge, the jury found that Defendant had distributed "5 grams or more" of crack cocaine.  *Id.* at 4.

As discussed above regarding Defendant's first claim, there is no evidence that the jury improperly attributed drug quantities to Defendant that should have been attributed to co-defendant Brown.  The trial court properly instructed the jury that it should consider evidence as to each defendant separately, and the jury did so, making explicit factual findings as to the quantity of drugs involved in each count.  These factual findings in turn supported the trial court's imposition of a mandatory minimum life sentence as to Count One, and 360 months imprisonment as to Count Two.

Accordingly, this claim is due to be denied.

### (4) Treatment of the Sentencing Guidelines as Mandatory

Defendant argues that he should not have received a life sentence because his prior drug convictions should have been considered misdemeanors rather than felonies. He asserts that he was eligible for a downward departure based on the § 3553(a) sentencing factors, and that the trial court inappropriately failed to consider those factors and treated the sentencing guidelines as mandatory.

This claim is without merit.  Defendant makes the conclusory assertion that his prior felony drug convictions for dealing cocaine, properly noticed in an Information and

Notice of Prior Convictions (Doc. 55), should have been considered misdemeanors rather than felonies. Defendant provides no factual support for this assertion whatsoever, and there is no evidence on this record that the prior convictions were improperly categorized as felonies.

As discussed above, because Defendant had two prior felony drug convictions, he was subject to a mandatory minimum sentence of life imprisonment on Count One. Because the trial court's imposition of a life sentence was mandated by statute, Defendant's assertion that the trial court improperly treated the Sentencing Guidelines as mandatory is without merit. Likewise, Defendant was not eligible for a downward departure in sentencing because of the mandatory minimum nature of the sentence. Accordingly, this claim is due to be denied.

## (5) Admission of Testimonial Statements

In the conclusion of his memorandum of law, Defendant asserts briefly that the government's recordings of the controlled buy conducted by a confidential informant should have been considered inadmissible because the confidential informant did not testify at trial, thus violating *Crawford v. Washington*, 541 U.S. 36 (2004). Defendant does not list this purported error as one of his claims and does not describe the purported error in any detail. Nor did Defendant raise this error on appeal to the Eleventh Circuit. Defendant has presented no argument to justify his procedural default of this issue. Accordingly, the undersigned finds that this claim is due to be denied.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255, Doc. 483, should be **DENIED** and that a certificate of appealability should be

**DENIED.**

      **IN CHAMBERS**  this 17th day of May 2013.


*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**
      Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.